C. S. LEWIS AND J. M. BROWN, CO-PARTNERS, DOING BUSINESS IN THE NAME OF C. S. LEWIS, v. D. B. ARCHBELL, NORFOLK SOUTHERN RAILROAD COMPANY, C. F. GARNER AND C. C. FRY.

(Filed 2 July, 1930.)

**Contracts A f—Plaintiff must show causal relation between violation of C. S., 2563 and injury in order to recover damages under C. S., 2574.**

The statute, C. S., 2563, condemns a contract of sale only when such sale is made "upon the condition" that the purchaser shall not deal in the goods or merchandise of a competitor of the seller, and in order for a party to recover damages for a breach of the statute under the provisions of C. S., 2574, he must show a violation of the statute and a causal relation between the violation and injury to his business, and *held:* in this case, the cause should be submitted to the jury under proper instructions.

CIVIL ACTION, before *Clement, J.,* at September Term, 1929, of MOORE.

The evidence tended to show that the plaintiffs, C. S. Lewis and J. M. Brown, were engaged in buying and selling crossties in a little village known as Hemp. The defendants, Fry and Garner, were also engaged in the same business in said village. The defendant Archbell was employed by his codefendant, Norfolk Southern Railroad Company, as chief tie and timber inspector for the territory in which the village of Hemp is located. The evidence further tended to show that Fry and Garner entered into a contract with its codefendant, Norfolk Southern Railroad Company through the defendant Archbell, according to the terms of which the Norfolk Southern agreed to buy crossties at Hemp, N. C., only from its codefendants, Fry and Garner, and Fry and Garner agreed not to sell ties to any other person, firm or corporation except Norfolk Southern. The Seaboard Air Line and also the P. & N. Railroad bought ties at Hemp. There was also testimony to the effect that the defendant Garner stated that the firm of Fry and Garner had a contract with the Norfolk Southern Railroad and that in about two weeks they would "put the plaintiffs, Brown and Lewis, out of business."

Plaintiffs alleged that by reason of the contract aforesaid they were compelled to quit business at Hemp, North Carolina, and that their business was injured, broken up or destroyed.

At the conclusion of the evidence the trial judge nonsuited the action and plaintiffs appealed.

*Seawell & Seawell for plaintiffs.*
*U. L. Spence for Norfolk Southern Railroad and D. B. Archbell.*
*W. R. Clegg for defendants, Fry and Garner.*

BROGDEN, J. The plaintiffs and the defendants, Fry and Garner, were the sole crosstie dealers or brokers at Hemp, which is a small village. Consequently they were competitors. There was evidence tending to show that the defendants, Fry and Garner, and Norfolk Southern Railroad Company, through its agent, the defendant Archbell, entered into an agreement whereby Fry and Garner contracted to sell crossties only to said railroad company, and said company contracted to purchase ties only from Fry and Garner.

These facts raise the following question of law: Does said contract violate C. S., 2563, so as to create a cause of action for damages under C. S., 2574?

C. S., 2563, subsection 2, provides in substance that it shall be unlawful to sell any goods, wares or merchandise in this state upon the condition that the purchaser thereof shall not deal in the goods, wares or merchandise of a competitor or business rival of the seller. C. S., 2574, provides that if the business of any person shall be injured or destroyed by reason of the violation of the monopoly statute (same being C. S., 2559 to 2574 inclusive) that the party so injured shall have the right to institute an action for damages.

It is obvious that the mere violation of the statute will not warrant a recovery of damages. The burden is upon the complaining party to show by competent evidence that his business has been broken up, destroyed or injured as the proximate result of such violation. Moreover, the defendants, Fry and Garner, would have the right to contract to sell the entire output of crossties to any single purchaser and such purchaser would have the right to purchase ties from only one seller. The statute condemns the contract of sale only in the event such sale is made "upon the condition" that the purchaser shall not deal in the goods or merchandise of a competitor of the seller.

There is some evidence of a violation of C. S., 2563, subsection 2, and some evidence that the business of plaintiffs declined. Whether there be a causal relation between the violation of the statute and the injury complained of is an issue of fact for a jury; that is to say, if the defendants, Fry and Garner, being competitors of plaintiffs, agreed to sell their entire output of crossties to the defendant railroad "upon the condition" that the defendant railroad should not buy ties from the plaintiffs and as a result thereof the plaintiffs' business was broken up, destroyed or injured, the plaintiffs would be entitled to recover; but if no such contract was made, the plaintiffs would not be entitled to recover, or if such contract was made and the business of plaintiffs declined or plaintiffs were forced out of business for other reasons and not as the proximate result of contract, then in such event the plaintiffs are not entitled to recover.

However, upon the record as now presented we are of the opinion and so hold that the cause should be submitted to a jury with proper instructions from the court.

Reversed.