The plaintiff is engaged in business in the city of Asheville, N.C. as a retail dealer in ice in said city and its vicinity.
The defendants are corporations organized under the laws of this State. Each defendant is engaged in the business of manufacturing and selling ice, at both wholesale and retail, in the said city of Asheville.
It is alleged in the complaint in this action that defendants are the only manufacturers of ice engaged in business in the city of Asheville, and therefore have a monopoly of that business in said city, and its vicinity; that both defendants have refused to sell ice to the plaintiff for resale and distribution to his customers at the price and on the terms established by them for other persons engaged in business as retailers of ice in the city of Asheville; and that by such refusal the defendants *Page 769 
have caused the plaintiff to suffer damages in a large sum. This action was instituted by the plaintiff to recover of the defendants such damages.
The action was heard on the demurrer of the defendant, Asheville Ice Company, to the complaint, on the ground that the facts stated therein are not sufficient to constitute a cause of action. The demurrer was sustained.
Summons has not been served on the defendant, Electric Ice Company nor has said defendant filed an answer to the complaint, or otherwise entered an appearance in the action.
From judgment dismissing the action, the plaintiff appealed to the Supreme Court.
The judgment in this action is affirmed on the authority of Lewis v.Archbell, 199 N.C. 205, 154 S.E. 11.
It does not appear from the complaint that plaintiff has suffered damages caused by any unlawful act of either of the defendants. The plaintiff is not a competitor or rival in business of either of the defendants. For this reason subsection 3 of section 2563 of the Consolidated Statutes of North Carolina, is not applicable to the facts alleged in the complaint.
The demurrer was properly sustained. The judgment dismissing the action, is
Affirmed.