JAMES N. ELLIS, JR. v. SMITH-BROADHURST, INC., and JACK MEDLIN

No. 8018SC118

(Filed 5 August 1980)

1. Insurance § 1; Unfair Competition § 1– unfair trade practices statute – applicability to insurance industry

Unfair and deceptive acts and practices in the insurance industry are not regulated exclusively by the insurance statutes, G.S. 58-54.1 *et seq.,* and may constitute the basis of recovery under G.S. 75-1.1.

2. Unfair Competition § 1– unfair trade practice – insurance agent's misrepresentation of competitor's policy

In an action by one insurance agent against another to recover damages for unfair trade practices based on defendant's alleged misrepresentations of plaintiff's proposed life insurance policy to a corporate client, genuine issues of material fact were presented as to whether a comparison of policies proposed by the two agencies which defendant submitted to the client contained misrepresentations and whether the alleged representations caused the client to purchase a policy from defendant and plaintiff to lose commissions on the sale.

APPEAL by plaintiff from *Albright, Judge.* Order entered 7 September 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 June 1980.

This is an action for unfair business practices committed by one insurance agent against another; specifically that defendants misrepresented plaintiff's proposed policy to a client.

Plaintiff's complaint alleged that he and defendant were competing insurance agents, that a corporate client was seeking life insurance on its president and vice president, that the corporation was negotiating with both agents and announced that it would buy the policy with the lowest net costs, that the net cost of plaintiff's policy was less than the cost of defendants'

Ellis v. Smith-Broadhurst, Inc.

policy, that defendants submitted a comparison of the policies which intentionally misrepresented plaintiff's policy and made it appear to cost more than defendants' policy, and that the corporation purchased defendants' policy. Plaintiff further alleged that defendant Medlin was an employee and agent of defendant Smith-Broadhurst, Inc.

Defendants' amended answer admitted that plaintiff and Medlin had been competing for the same sale, denied the allegations of wrongdoing, and raised the statute of limitations.

The trial court, after having considered depositions, affidavits, pleadings and other materials in the court file granted defendants' motion for summary judgment. Plaintiff appealed.

*J. Bruce Morton and R. Horace Swiggett, Jr., for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans and Murelle, by Charles E. Nichols and Robert D. Albergotti, for defendant-appellees.*

MARTIN (Robert M.), Judge.

Plaintiff assigns as error the entry of summary judgment for defendants. Summary judgment is proper only when there is no genuine issue as to any material fact and a party is entitled to summary judgment as a matter of law. G.S. 1A-1, Rule 56(c).

Plaintiff's action is based on the theory that plaintiff lost commissions as a result of defendant Medlin's making false comparisons to Industrial Air, the prospective purchaser, as to the respective earnings and net costs of the life insurance policies offered by plaintiff and defendant. Plaintiff contends that such misrepresentations are in violation of G.S. 58-54.4 which defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. Plaintiff further contends that misconduct prohibited by G.S. 58-54.1 *et seq.* may be the basis of recovery pursuant to G.S. 75-1.1.

On 15 April 1977, at the time plaintiff filed his complaint in this action, G.S. 75-1.1 provided in pertinent part:

(a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) The purpose of the section is to declare, and to provide civil legal means to maintain ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State.

\* \* \*

(d) Any party claiming to be exempt from the provisions of this section shall have the burden of proof with respect to such claim.

G.S. 75-1.1(a) and (b) were subsequently rewritten, effective as to actions commenced on or after 27 June 1977. The amendment, effective after the present action was filed, is not applicable here.

[1] Defendants contend that plaintiff cannot recover damages under 75-1.1 because unfair and deceptive acts and practices in the insurance industry are regulated exclusively by the insurance statutes, G.S. 58-54.1 *et seq.,* which do not contain a private right of action.

In *Greenway v. Insurance Co.,* 35 N.C. App. 308, 314, 241 S.E. 2d 339, 343 (1978), because this court found no misrepresentations had been made, it did not reach the issue of whether G.S. 75-1.1 "contemplates regulating the insurance industry. ..." In support of its holding that the business of selling services as a loan finder was regulated by Chapter 75, this court cited *Ray v. Insurance Co.,* 430 F. Supp. 1353 (W.D.N.C. 1977) in which "a Federal court applying North Carolina substantive law ... held that chapter 75, as this statute was worded prior to the 1977 amendments, was applicable to the sale of insurance." *Johnson v. Insurance Co.,* 44 N.C. App. 210, 222, 261 S.E. 2d 135, 144 (1979), *rev'd on other grounds,* 300 N.C. 247, 266 S.E. 2d 610

(1980). Although not bound by the decision in *Ray,* we find it persuasive in our construction of the scope of G.S. 75-1.1. We hold, therefore, that G.S. 75-1.1 provides a remedy for unfair trade practices in the insurance industry.

[2] Upon the record in this case we find there are genuine issues of material fact in regard to whether defendants' comparison of the Home Life and National Life policies contained misrepresentations or false and misleading statements. Defendants vigorously contend that, assuming *arguendo* there was some misrepresentation or misstatement as to the relative merits of the two policies, these alleged misrepresentations did not cause any damage to the plaintiff. Plaintiff's affidavit establishes that subsequent to the purchase by Industrial Air of the policies from defendant Medlin, plaintiff prepared another net cost comparison and presented it to Industrial Air. Plaintiff advised Industrial Air of the ten day period during which the insured has the right to cancel the sale and obtain a full refund of the premium. In the proposal submitted to Industrial Air during the ten day period, plaintiff pointed out the alleged errors and misrepresentations in defendants' proposal. Nevertheless, Industrial Air, on the same day, elected to retain defendants' policy. Defendants argue that this evidence establishes that any alleged misrepresentations of the policies by defendants were not relied on by Industrial Air in making its decision to purchase defendants' policies. Hence plaintiff's damages, the commissions lost on the sale, were not caused by the alleged misrepresentations.

G.S. 75-16 provides:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed by a jury in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

Ellis v. Smith-Broadhurst, Inc.

As an essential element of plaintiff's cause of action, plaintiff must prove not only a violation of G.S. 75-1.1 by the defendants, but also that plaintiff has suffered actual injury as a proximate result of defendants' misrepresentations. *Mayton v. Hiatt's Used Cars*, 45 N.C. App. 206, 262 S.E. 2d 860 (1980). "Whether there be a causal relation between the violation of the statute and the injury complained of is an issue of fact for a jury .... ." *Lewis v. Archbell*, 199 N.C. 205, 206, 154 S.E. 11, 12 (1930); *Mayton v. Hiatt's Used Cars*, 45 N.C. App. 206, 211, 262 S.E. 2d 860, 863 (1980). There is some evidence that Industrial Air was influenced by the alleged misrepresentations in their initial rejection of plaintiff's policy and that even after plaintiff attempted to correct the alleged misrepresentations, Industrial Air continued to rely upon the comparison made by defendants.

Upon the record as now presented we are of the opinion that there is a genuine issue of fact both as to the alleged misrepresentations and as to causal relationship between the alleged misrepresentations and plaintiff's loss of commissions from the sale.

Plaintiff's cause of action is not barred by the statute of limitations which this court has held to be three years for claims brought under G.S. 75-1.1 between 12 June 1969 and 21 March 1979. *Holley v. Coggin Pontiac*, 43 N.C. App. 229, 259 S.E. 2d 1, *cert. denied* 298 N.C. 806, 261 S.E. 2d 919 (1979).

Summary judgment in favor of defendants is reversed.

Judges HEDRICK and MARTIN (Harry C.), concur.