WINSTON REALTY COMPANY, INC. D/B/A CENTURY 21-WINSTON REALTY, A CORPORATION v. G.H.G., INC., T/A SNELLING AND SNELLING, A NORTH CAROLINA CORPORATION

No. 580A84

(Filed 3 July 1985)

**1. Unfair Competition § 1— unfair and deceptive trade practice—contributory negligence not a defense**

Contributory negligence is not a defense to a Chapter 75 violation; the Legislature did not intend to create a statutory cause of action in G.S. 75-1.1 only for the remedy in G.S. 75-16 to be limited by a common law defense.

**2. Unfair Competition § 1— unfair and deceptive trade practice—trial court not required to submit to jury**

The trial court was not required to submit an issue to the jury concerning unfair and deceptive trade practices in an action arising from the failure of an employment agency to investigate the background and references of an applicant for employment as a bookkeeper. The jury answered the factual issues and the trial court then correctly ruled on the unfair and deceptive trade practice issue as a matter of law. G.S. 75-1.1.

**3. Unfair Competition § 1— personnel agency—violation of G.S. 95-47.6(2) and (9) —unfair and deceptive trade practice as matter of law**

In an action arising from allegedly false and fraudulent representations by an employment agency, the trial court correctly concluded as a matter of law that the jury's finding that defendant violated the provisions of either or both G.S. 95-47.6(2) and (9) constituted unfair and deceptive acts or practices. G.S. 75-1.1.

DEFENDANT appeals from a decision of the Court of Appeals, 70 N.C. App. 374, 320 S.E. 2d 286 (1984), one judge dissenting, affirming a judgment entered by *Johnson, J.*, at the 28 March 1983 Civil Session of Superior Court, CUMBERLAND County. Defendant's petition for discretionary review as to an issue not addressed in the dissenting opinion, filed pursuant to N.C.G.S. § 7A-31, was granted on 6 November 1984.

By complaint filed 24 March 1981, plaintiff alleged that the defendant personnel agency negligently failed to investigate the background and references of an applicant for employment that defendant had referred to plaintiff to fill a vacant position of bookkeeper at plaintiff's office. By amended complaint filed 17 May 1981, plaintiff further alleged that defendant violated N.C.G.S. §§ 95-47.6(2) and (9) by publishing and making false and

fraudulent representations to the plaintiff concerning the appli-
cant and that such actions constituted unfair and deceptive trade
practices in violation of N.C.G.S. § 75-1.1. The defendant denied
plaintiff's allegation by answer filed 26 May 1981 and amended
answer filed 21 June 1982 and pled the contributory negligence of
plaintiff's principal Etowski in bar of all claims.

The case was tried before a jury. The trial court charged the
jury that contributory negligence was a defense only to the negli-
gence issues and not to the Chapter 75 issues. The jury answered
the issue of contributory negligence against plaintiff on its claim
for negligence but answered the Chapter 75 issues in favor of the
plaintiff on its claim that the defendant published and made false
and fraudulent statements. Plaintiff was awarded $19,000 in
damages by the jury. The trial court then concluded and ruled as
a matter of law that the acts found by the jury constituted unfair
and deceptive trade practices and trebled the damages pursuant
to N.C.G.S. § 75-16. From this judgment, defendant appealed to
the Court of Appeals. A majority of that court affirmed the judg-
ment below. 70 N.C. App. 374, 320 S.E. 2d 286 (1984).

*Russ, Worth, Cheatwood & McFadyen, by Philip H. Cheat-
wood, Attorney for defendant-appellant.*

*Reid, Lewis & Deese, by Marland C. Reid, Attorney for
plaintiff-appellee.*

MEYER, Justice.

The principal issue presented by this appeal is whether con-
tributory negligence may be a complete defense to alleged vio-
lations of Chapter 75 of the North Carolina General Statutes
concerning unfair or deceptive trade practices. Defendant also
assigns as error the trial court's failure to submit an issue to the
jury as to whether defendant's acts constituted unfair or decep-
tive trade practices and its conclusion as a matter of law that
defendant violated N.C.G.S. § 75-1.1 based on the jury's finding
that defendant violated either or both N.C.G.S. §§ 95-47.6(2) and
(9) concerning the regulation of employment agencies. For the
reasons set forth below, we hold that contributory negligence is
not a defense to a Chapter 75 violation and thus the trial judge
did not err in failing to submit that issue to the jury concerning
the unfair or deceptive trade practices claim. We also hold that a

violation of either or both N.C.G.S. §§ 95-47.6(2) and (9) as a matter of law constitutes an unfair or deceptive trade practice in violation of N.C.G.S. § 75-1.1. Therefore, we affirm the decision of the Court of Appeals.

N.C.G.S. §§ 95-47.6(2) and (9), which forbid false advertising and false representations by personnel agencies, provide as follows:

§ 95-47.6. Prohibited acts.

A private personnel service shall not engage in any of the following activities or conduct:

* * *

(2) Publish or cause to be published any false or fraudulent information, representation, promise, notice or advertisement.

* * *

(9) Knowingly make any false or misleading promise or representation or give any false or misleading information to any applicant or employer in regard to any employment, work or position, its nature, location, duration, compensation or the circumstances surrounding any employment, work or position including the availability thereof.

In November 1979 Thomas Etowski, owner and operator of plaintiff corporation, telephoned defendant's Fayetteville, North Carolina office about his need for a bookkeeper. Mr. Etowski was familiar with the defendant, a private personnel agency, and its advertised claims that it was the "world's largest employment agency" and that its applicants were "pre-screened, qualified . . . [and] quickly available." Mr. Etowski placed a job order with defendant for a bookkeeper.

On 9 November 1979, defendant's representative, Penny Davis, a/k/a Lillian Blanchard, telephoned Mr. Etowski and referred an applicant, Rebecca Skinner, to fill his vacancy. Following an interview with Ms. Skinner that same day, Mr. Etowski telephoned Ms. Davis at defendant's office and asked whether Ms. Skinner's prior employers and other references had been checked. He was told that her in-state references had been checked but not those

out-of-state. Ms. Davis further represented Ms. Skinner as highly qualified and highly recommended. Plaintiff hired her on 9 November 1979. As plaintiff's bookkeeper, Ms. Skinner wrote and signed checks on company accounts, received rental payments, balanced the checkbook, verified bank statements, made bank deposits, and helped prepare the corporate tax returns.

In July 1980 Mr. Etowski discovered a shortage in his rental escrow account of $24,000. He also discovered that the corporate tax return had not been filed and that some company records, including bank statements, were missing. After referring the matter to the Cumberland County Sheriff's Department, Etowski learned that Rebecca Skinner had a criminal record in that county for worthless checks and forgery and that she had been under indictment for embezzling from another Fayetteville company at the time of her application with the defendant. She was subsequently indicted and pled guilty to embezzling from plaintiff and received a twenty-year prison sentence.

Defendant's evidence showed that at no time did Snelling and Snelling contact any references or former employers listed on the resume or application provided by Rebecca Skinner. Two of the former employers from whom Ms. Skinner embezzled, S. T. Wooten Construction Company and Fayetteville Aviation, Inc., both in-state employers, were listed. The defendant also conducted no background investigation on Ms. Skinner with regard to any criminal record.

[1] As to the first issue, defendant contends that contributory negligence is a complete defense to a cause of action based on violations of Chapter 75 and that the trial judge should have submitted the issue of contributory negligence to the jury. Defendant, however, cites only one case in support of its contention, *Libby Hill Seafood Restaurants, Inc. v. Owens*, 62 N.C. App. 695, 303 S.E. 2d 565, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). We find defendant's reliance on *Libby Hill* to be misplaced.

The plaintiff in *Libby Hill* brought an action against the defendants based on fraud, negligent misrepresentation, breach of express warranty and unfair and deceptive trade practices in violation of N.C.G.S. § 75-1.1. Plaintiff alleged that defendant sold it property and either culpably misrepresented or failed to disclose that the site was on or near land that had been used as a trash

dump and that the composition of the soil was such that it would not support a building of the type contemplated by plaintiff. Plaintiff's evidence showed that one of the defendants indicated the old trash dump ended "approximately" or "exactly" twenty feet inside the rear property line, that the alleged representation was made by pointing to a place on the property, and that no measurements were taken as a result of the pointing nor were any stakes or markers laid out. After finding the defendants' statements mere opinions upon which plaintiff unreasonably relied, the Court of Appeals held that all of plaintiff's claims were insufficient as a matter of law and appropriate for directed verdict, as the trial court had ruled.

Defendant points to the last paragraph of the *Libby Hill* opinion as supportive of its contributory negligence argument. There the Court of Appeals stated:

> Finally, plaintiff's claim for unfair and deceptive trade practices pursuant to G.S. 75-1.1 is similarly appropriate for directed verdict. In essence, a party is guilty of an unfair act or practice when it engages in conduct that amounts to an inequitable assertion of its power or position. (Citation omitted.) Even if defendants misrepresented the location of the trash fill, this sophisticated plaintiff could and should have verified defendants' assertions. Surely any corporation contemplating a $100,000.00 venture would be expected to have exercised at least this minimal degree of prudence.

*Id.* at 700, 303 S.E. 2d at 569.

Although this language indeed appears supportive of appellant's contention, *Libby Hill* was not decided on the issue of contributory negligence and therefore, the language quoted is *obiter dictum.* Moreover, we expressly disavow such language.

It is the plaintiff's contention, and we agree, that the legislature did not intend to create a statutory cause of action in N.C.G.S. § 75-1.1 only for the remedy in N.C.G.S. § 75-16 to be limited by a common law defense. The remedial section for private enforcement reads as follows:

> If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person,

firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment *shall* be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict. (Emphasis added.)

N.C.G.S. § 75-16. This section clearly provides that once damages are assessed judgment shall be rendered for treble the amount of damages fixed by the verdict. It is silent as to both negligence and contributory negligence.

Plaintiff also correctly observes that our opinion in *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981), impliedly discounted the availability of contributory negligence as a defense to a Chapter 75 violation. In *Marshall* this Court examined in detail North Carolina's unfair and deceptive trade practice act, its intent and purpose. We found that the legislature's intent in enacting N.C.G.S. § 75-16 was to create a new, private cause of action for aggrieved consumers since traditional common law remedies were often deficient. *Id.* at 543, 276 S.E. 2d at 400. We also found that the purposes of the statutory provisions for treble money damages, N.C.G.S. § 75-16, and attorney's fees, N.C.G.S. § 75-16.1, were to encourage private enforcement in the marketplace and to make the bringing of such a suit more economically feasible. *Id.* at 548, 276 S.E. 2d at 403-04.

Furthermore, we held in *Marshall* that good faith is not a defense to an alleged violation of N.C.G.S. § 75-1.1 and that the intent of the actor is irrelevant. *Id.* at 548, 276 S.E. 2d at 403. We also stated that what is relevant is "the effect of the actor's conduct on the consuming public." *Id.* If the effect of the actor's conduct is of sole relevance, then it follows that plaintiff's alleged conduct here, contributory negligence, is not relevant. Where, as in the case *sub judice*, a private personnel agency advertises the availability of "prescreened, qualified" applicants and falsely and fraudulently represents to a prospective employer applicants whose experience and reliability has neither been investigated nor verified, then certainly such conduct would have a disastrous impact on the consuming public. "[T]he consumer need only show that an act or practice possessed the tendency or capacity to mislead, or created the likelihood of deception, in order to prevail

under the state's unfair and deceptive practices act." *Id.* (Citations omitted.) Clearly, in *Marshall* we strongly implied that a plaintiff's alleged contributory negligence is irrelevant in an action involving Chapter 75 conduct.

In concluding that the legislature intended the automatic trebling of any assessed damages, this Court, in *Marshall,* stated that "[t]o rule otherwise would produce the anomalous result of recognizing that although N.C.G.S. 75-1.1 creates a cause of action broader than traditional common law actions, N.C.G.S. 75-16 limits the availability of any remedy to cases where some recovery at common law would probably also lie." 302 N.C. at 547, 276 S.E. 2d at 402. Based on our analysis in *Marshall* and the language of N.C.G.S. § 75-16, we conclude that such an anomalous result would likewise be reached here if we allowed defendant to avail itself of plaintiff's alleged contributory negligence. Therefore, we hold that contributory negligence is not a defense to a Chapter 75 violation and that the trial court correctly refused to submit such issue to the jury.

[2]  As to the second issue, defendant contends, and in his dissent from the opinion of the Court of Appeals Judge (now Chief Judge) Hedrick agrees, that the trial court should have submitted an issue to the jury concerning unfair and deceptive trade practices. This same issue was answered by this Court in *Hardy v. Toler,* 288 N.C. 303, 218 S.E. 2d 342 (1975). In *Hardy,* the trial court refused to submit a Chapter 75 issue to the jury concerning false representations made by defendants to plaintiff regarding the purchase of a used car. On appeal, we stated that "[o]rdinarily it would be for the jury to determine the facts and based on the jury's findings, the court would then determine as a matter of law whether the defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce." *Hardy,* 288 N.C. at 310, 218 S.E. 2d at 346-47. Based on stipulated facts, in *Hardy* we held as a matter of law that the false representations made by defendants to plaintiff constituted unfair or deceptive acts or practices in commerce in violation of N.C.G.S. § 75-1.1. *Id.* at 311, 218 S.E. 2d at 347. Although the facts in the present case were not stipulated, the jury answered the factual issues. The trial court then took the jury's findings, and correctly ruled on the unfair and deceptive trade practice issue as a matter of law.

[3]  Finally, defendant contends that a Chapter 75 violation may not be based on the jury's finding that defendant violated the provisions of either or both N.C.G.S. §§ 95-47.6(2) and (9), because these provisions are regulatory in nature. Judge Hedrick stated in his dissent that "the court . . . has no authority to enter a judgment pursuant to Chapter 75 on a verdict disclosing only a violation of Chapter 95." We disagree.

Although defendant is correct in pointing out that Chapter 95 is regulatory in nature, this fact does not prevent the finding of an unfair or deceptive trade practice based on the conduct proscribed by Chapter 95. N.C.G.S. § 95-47.6 prohibits private personnel services from engaging in specific conduct and activities, including the conduct specified in subsections (2) and (9) quoted above. Although the authority to enforce the Chapter 95 provisions rests with the Commissioner of Labor, it is obvious that the list of proscribed acts found in N.C.G.S. § 95-47.6 were designed to protect the consuming public. The Court of Appeals confronted a similar issue in *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 268 S.E. 2d 271 (1980), where the defendant contended plaintiff could not recover damages under N.C.G.S. § 75-1.1 because unfair and deceptive acts in the insurance industry were regulated exclusively by the insurance statutes, N.C.G.S. § 58-54.1, *et seq.*, which do not contain a right of private action. Chapter 95 similarly contains no right of private action. The *Ellis* court held that N.C.G.S. § 75-1.1 does provide a remedy for unfair trade practices notwithstanding that insurance is regulated by statute. 48 N.C. App. at 183, 268 S.E. 2d at 273. We find this reasoning persuasive and hold that a violation of either or both N.C.G.S. §§ 95-47.6(2) and (9) as a matter of law constitutes an unfair or deceptive trade practice in violation of N.C.G.S. § 75-1.1.

The jury in the present case found that defendant either published or caused to be published or knowingly made false or fraudulent representations in violation of N.C.G.S. §§ 95-47.6(2) and (9). Proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive acts. *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E. 2d 342, 346. The trial court then concluded as a matter of law that such violation constituted an unfair or deceptive trade practice violative of N.C.G.S. § 75-1.1. That statute provides, in pertinent part, as follows:

(a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful.

(b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

*　　*　　*

(d) Any party claiming to be exempt from the provisions of this section shall have the burden of proof with respect to such claim.

N.C.G.S. § 75-1.1. Defendant's actions undoubtedly were in commerce, as the jury found, and defendant failed to show that it was otherwise exempt from the operation of the statute's provisions.

We stated in *Marshall* that the determination of whether a trade practice is unfair or deceptive "usually depends upon the facts of each case and the impact the practice has in the marketplace." 302 N.C. at 548, 276 S.E. 2d at 403. (Citation omitted.) We further stated that:

A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. [A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required.

*Id.* (Citations omitted.)

Evidence presented in the case *sub judice* showed that defendant failed to check any of Rebecca Skinner's references although its employee, Penny Davis, told Mr. Etowski that the in-state references had indeed been verified. This evidence indicates not simply the likelihood of deception, but further, actual deception. Accordingly, the issues submitted to the jury were sufficient to resolve the material controversy concerning whether defendant's actions constituted unfair and deceptive trade practices and the trial court correctly concluded as a matter of law that the jury's finding that the defendant violated the provisions of either or both N.C.G.S. §§ 95-47.6(2) and (9) constituted unfair and decep-

tive acts or practices in violation of N.C.G.S. § 75-1.1. The decision of the Court of Appeals is, therefore,

Affirmed.