Moore v. Archie

TERRY TATE MOORE v. BETTY FREEMAN ARCHIE, HUGHLEN LAFAYETTE McMAHAN, AND DAVID E. MOORE

No. 7626SC429

(Filed 20 October 1976)

1. **Automobiles § 57— intersectional accident — no negligence of defendant as matter of law**

In an action to recover for personal injuries sustained in an automobile accident occurring at an intersection, the trial court properly granted the motion for directed verdict made by one defendant, who was traveling on the dominant highway, where the evidence tended to show that defendant heeded the warning signs of a dangerous intersection and decreased his speed to below that recommended by the Highway Department, his speed was reasonable under the conditions, he kept a reasonable lookout in that he took notice of the warning sign before reaching the intersection and saw a car on the servient highway stopped at the intersection, and when the car on the servient road pulled into defendant's path, defendant took immediate action to try to avoid the collision.

2. **Automobiles § 87— intersectional accident — negligence of defendant — intervening negligence of another defendant**

In an action to recover for personal injuries sustained in an automobile accident occurring at an intersection, evidence that defendant, who was traveling north on the dominant highway and in whose vehicle plaintiff was a passenger, failed to heed a warning sign and reduce his speed was sufficient for the jury on the question of his negligence; however, the conduct of another defendant, who was driving on the servient highway, in pulling out into the path of a third defendant, who was traveling south on the dominant highway, constituted an intervening act that insulated the northbound defendant's conduct from any causal connection with plaintiff's injury.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 27 January 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 September 1976.

This appeal stems from an accident involving three automobiles which were driven by the defendants. Plaintiff was a passenger in one of the automobiles. On 3 July 1973 plaintiff instituted a civil action against the defendants alleging that each was negligent in the operation of his or her vehicle and that the negligence of each combined to jointly and concurrently cause plaintiff serious personal injury.

Plaintiff's evidence showed that the accident occurred at or near the intersection of North Carolina Highway No. 49 and North Carolina Highway No. 160 at approximately 5:05 p.m.

on Sunday, 12 November 1972. The weather was clear, and it was still daylight. Traffic was moderate to heavy.

In the vicinity of the accident, Highway 49 runs north and south and is the dominant or through thoroughfare. Highway 160 runs east and west. The intersection of these roads is controlled by traffic signs and electrical signals. A red, blinking light and stop sign govern Highdway 160, while on the north-south approaches along Highway 49 there are yellow caution lights and traffic signs recommending a speed of 45 miles per hour while traversing the intersection. The posted speed limit on Highway 49 is 55 miles per hour.

Defendant McMahan was to the north of the intersection traveling south on Highway 49. Defendant Archie, westbound on Highway 160, had halted at the stop sign on the eastern side of the intersection. Defendant Moore and plaintiff were south of the intersection traveling north on Highway 49.

While plaintiff testified that she did not see defendant McMahan's automobile prior to the accident, she called as plaintiff's witnesses Mr. McMahan and an eyewitness who was stopped on the western side of the intersection, each of whose testimony showed the following fact pattern. McMahan, who had been driving at approximately 50 to 55 miles per hour, slowed his vehicle to approximately 40 miles per hour after encountering the warning sign. When he was four to six car lengths from the intersection, defendant Archie pulled into the intersection, crossing the northbound lane of Highway 49 and turning left into the southbound lane. Upon seeing defendant Archie proceed into the intersection, defendant McMahan applied his brakes, skidding some twenty-five feet, and simultaneously turned his wheel, swerving to the right in an attempt to avoid the collision. The right front of Archie's car collided with McMahan's four-door sedan at the left front near the bumper and also at the left rear door. The collision caused defendant Archie's car to spin and head back across the center line at an angle into the northbound lane, where it collided almost head-on with the car containing defendant Moore and plaintiff.

Plaintiff testified that defendant Moore was driving at approximately 50 miles per hour when he passed the warning sign. He and plaintiff saw the Archie car pull into the intersection when their car was between 150 and 200 feet from the

intersection. Defendant Moore did not decrease his speed or alter his path of travel. There was only a very short time between the first and second collisions.

Plaintiff further offered evidence of the nature and extent of her injuries. At the close of plaintiff's evidence, defendants McMahan and Moore moved for directed verdicts in their favor. The directed verdicts were granted. Plaintiff took a voluntary dismissal without prejudice as to defendant Archie and appealed.

*John D. Warren for the plaintiff.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for the defendant McMahan.*

*Kennedy, Covington, Lobdell & Hickman, by Hugh L. Lobdell and William C. Livingston, for the defendant Moore.*

BROCK, Chief Judge.

In this appeal plaintiff contends that when the evidence she presented is viewed in the light most favorable to her, that evidence is sufficient to withstand a motion for directed verdict and to take the case to the jury on the question of McMahan's and Moore's negligence. We disagree.

[1] As to defendant McMahan, plaintiff argues that a jury could find that he did not keep a reasonable lookout, drove faster than reasonable under the conditions, failed to keep his car in control, or failed to exercise reasonable care to avoid the collision. Under the facts and circumstances of the case, plaintiff's argument is without merit. In *McNair v. Boyette*, 15 N.C. App. 69, 189 S.E. 2d 590 (1972), the Court held:

> "When the facts are admitted or established, negligence is a question of law and the court must say whether it does or does not exist and this rule extends to the question of proximate cause."

The facts clearly established at trial show that McMahan heeded the signs warning of a dangerous intersection. He even decreased his speed to below that recommended by the Highway Department. His speed was reasonable under the conditions. Further, he kept a reasonable lookout in that he took notice of the warning sign and saw the Archie car stopped at the intersection. The driver on the dominant road is entitled to assume until the

last moment that a motorist on a servient road who is stopped in obedience to a stop sign will yield to him. *Raper v. Byrum,* 265 N.C. 269, 144 S.E. 2d 38 (1965). Finally, when the Archie car pulled into his path, McMahan took immediate action to try to avoid the collision. The facts clearly establish that McMahan acted in a reasonable manner and was not negligent.

[2] As to defendant Moore, plaintiff argues the same failure to keep a reasonable lookout, failure to maintain a reasonable speed under the conditions, and failure to exercise reasonable care to avoid the collision. Moore's failure to heed the warning sign and reduce his speed under the facts in this case would constitute sufficient evidence to go to the jury on the question of his negligence. *Childers v. Seay,* 270 N.C. 721, 155 S.E. 2d 259 (1967).

However, even though a jury might find Moore's actions negligent, he would be liable only if his negligence were a proximate cause of the plaintiff's injuries. 6 Strong, N. C. Index 2d, Negligence, § 10, p. 25. Where the facts are admitted or established, the existence of proximate cause is a question of law. *McNair v. Boyette, supra.* If Moore's failure to heed the warning signs would have produced no injury except for the intervening act of another, his negligence would be insulated by the intervening act. The test by which the negligent conduct of one is to be insulated as a matter of law by the independent intervening act of another is the reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury. *McNair v. Boyette, supra.*

Moore, like McMahan, was entitled to assume that a motorist stopped on a servient street with clear visibility would obey the stop sign and yield the right of way. *Raper v. Byrum, supra.* The facts established that the Archie car traversed the northbound lane of Highway 49 and had turned into the southbound lane. Had defendant Archie not collided with McMahan and been knocked back into the northbound lane, her car would not have collided with defendant Moore's. Archie's conduct was not foreseeable, and except for that conduct and the presence of the McMahan car in the southbound lane, which plaintiff admits she did not see, the collision injuring the plaintiff would not have occurred. Archie's conduct constituted an intervening act that insulated defendant Moore's conduct from any causal connection with the injury.

The directed verdicts for defendants McMahan and Moore were proper. The judgment of the trial court is

Affirmed.

Judges VAUGHN and MARTIN concur.