CANDIS L. HORD v. JAMES ANTHONY ATKINSON, AND WOL KIM ATKINSON

No. 838SC679

(Filed 15 May 1984)

1. **Automobiles and Other Vehicles § 43— allegation of negligence in respects not set forth in complaint**

    Plaintiff's allegation that defendant "was negligent in other respects not herein set forth" availed plaintiff nothing.

2. **Automobiles and Other Vehicles § 52— speed competition on highway—insufficient evidence to require instruction**

    In a passenger's action to recover for injuries received in an automobile accident, the evidence did not require the trial court to charge on willful speed competition in violation of G.S. 20-141.3(b) where it tended to show that defendant's car was being chased by a car driven by plaintiff's former boyfriend, and that defendant was fleeing because he was afraid for the safety of plaintiff and himself, but that there was no evidence that defendant and plaintiff's boyfriend arranged to race one another for the set purpose of determining whose car was faster.

3. **Automobiles and Other Vehicles § 53— failure to yield to overtaking vehicle—insufficient evidence**

    The trial court did not err in failing to charge the jury on defendant's failure to yield to an overtaking vehicle in violation of G.S. 20-151 where the evidence showed that defendant's vehicle was being chased by a vehicle driven by plaintiff passenger's former boyfriend, and there was no evidence that the boyfriend ever attempted to pass or overtake defendant once the chase had begun.

**4. Rules of Civil Procedure § 51; Trial § 38.1— refusal to give orally requested instruction**

The trial court did not err in denying plaintiff's request for a special instruction that the jury could consider certain physical evidence in determining whether defendant was negligently driving at an excessive rate of speed since such an instruction related to a subordinate feature of the case, and since plaintiff failed to submit a proposed instruction and failed to submit her request in writing as required by G.S. 1A-1, Rule 51(b).

**5. Automobiles and Other Vehicles § 87.5— instruction on insulating negligence— sufficient evidence**

In a passenger's action to recover for injuries received in an automobile accident, the trial court properly instructed the jury on insulating negligence where there was evidence tending to show that a vehicle driven by plaintiff's former boyfriend had been chasing the vehicle driven by defendant and occupied by plaintiff, and that defendant had slowed down to the speed limit of 35 m.p.h. and was about to make a turn when the boyfriend's car hit his vehicle from the rear.

**6. Trial § 11.3— right to opening and closing jury arguments**

Where defendant was called by plaintiff as an adverse witness but offered no evidence of his own, defendant had the right to make the opening and closing jury arguments. Rule 10 of the General Rules of Practice for the Superior and District Courts.

APPEAL by plaintiff from *Winberry, Judge.* Judgment entered 1 February 1983 in Superior Court, WAYNE County. Heard in the Court of Appeals 11 April 1984.

*Duke and Brown by John E. Duke; and Hulse and Hulse by Herbert B. Hulse for plaintiff appellant.*

*Taylor, Warren, Kerr & Walker by Robert D. Walker, Jr. and David E. Hollowell for defendant appellees.*

BRASWELL, Judge.

The allegations are that the plaintiff, a passenger in the Atkinson automobile, was seriously injured by the negligent operation of the vehicle as it left the road and struck a telephone pole and two houses. The plaintiff sued James Anthony Atkinson (referred to henceforth as the defendant), the driver of the automobile, and Wol Kim Atkinson, the owner of the vehicle. The jury's verdict decided the issue of negligence in favor of the defendants. The plaintiff appeals on the grounds that the trial court erred by: (1) refusing to charge on willful speed competition,

on failure to yield to an overtaking vehicle, and on the jury's right to consider the physical evidence; (2) charging on intervening and insulating negligence; (3) granting the defendant the opening and closing argument in their final jury arguments; and (4) denying plaintiff's motion for a new trial.

The plaintiff's evidence tended to show that on 10 July 1981 around 2:00 a.m. the plaintiff, through a friend, asked the defendant for a ride home from the Peacock's Lounge. As they were driving towards town, a car with its bright lights burning drove behind them, then passed the defendant's car. This car pulled over onto the right shoulder of the road and a man who the plaintiff identified as Earl Cole got out of his car, reached into his pocket, and began approaching the defendant's car. When the defendant did not also stop, Cole jumped back into his car and resumed following the defendant. As the defendant speeded up, Cole speeded up. Both cars were exceeding the posted speed limit of 35 miles per hour. The plaintiff testified that the defendant stated that he had a 440 engine and he knew that Earl Cole could not outrun him. When the defendant failed to turn down a street to the plaintiff's house, she insisted that he slow down and let her out of the car if he was not going to take her home. The defendant did neither, and continued down the street where both cars ran a red light. When the defendant started to make a right turn onto a street in the area of the plaintiff's house, a collision occurred. Mr. Cole's vehicle had been traveling one to one-and-one-half car lengths behind the defendant's car. As the defendant made the turn, the front end of Mr. Cole's car crashed into the rear of the defendant's car. The defendant's car thereafter hit a utility pole and two houses. The plaintiff was seriously injured, requiring hospitalization.

The defendant did not offer any evidence of his own, but was able to tell his version of the incident when called as an adverse witness by the plaintiff. The defendant testified that the plaintiff told him that the man following them was Earl Cole, her old boyfriend, and that he carried a pistol. He further stated that Mr. Cole passed him, pulled over, got out of his car, and reached into his pocket. On observing these things, and on hearing of Cole's relationship with the plaintiff, Atkinson panicked, quickly turned his car around, and drove off to avoid any trouble. Cole then chased Atkinson, who stated he was afraid for the plaintiff's and

his own safety. Cole stayed one-and-one-half car lengths behind the defendant. Just before the collision Atkinson testified that he slowed down and was in the process of making a right-hand turn when Cole ran into the back of his vehicle, causing the accident.

The first four of plaintiff's assignments of error are concerned with what the trial judge did and did not include in his charge to the jury. G.S. 1A-1, Rule 51, requires a trial judge in his charge to "declare and explain the law arising on the evidence given in the case." This rule imposes a positive duty on the trial judge to charge on the substantial features of the case as the evidence dictates. *Clay v. Garner*, 16 N.C. App. 510, 192 S.E. 2d 672 (1972).

[1] At the close of all the evidence the judge conducted a recorded charge conference in the absence of the jury. The judge asked plaintiff's counsel to specify the ways in which they contended the defendant was negligent. During this discussion plaintiff's counsel mentioned for the first time the act of willful speed competition to which the judge replied that he did not think there was sufficient evidence for its inclusion in his charge. Also, the judge stated that he did not think there was sufficient evidence of failing to yield to an overtaking vehicle. We note that the complaint fails to list as a specific act of negligence a violation of either one of these motor vehicle rules of the road. After listing five specific acts of negligence in the complaint, the plaintiff then added: "He was negligent in other respects not herein set forth." This conclusionary allegation avails the plaintiff nothing, and is a useless, although sometimes engaged in, practice. We do not sanction its use. We repeat what this court said in *Ormond v. Crampton*, 16 N.C. App. 88, 93, 191 S.E. 2d 405, 409, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 194 (1972):

> North Carolina Illustrative Forms 3 and 4, Rule 84, illustrate the sufficient form of a complaint for negligence; they contain much more than the corresponding federal forms, by requiring the pleader to allege the specific acts which constitute the defendant's negligence. This North Carolina requirement was the result of compromise between the drafting committee and practicing lawyers on the General Statutes Commission who wanted more specificity, especially in automobile cases. 5 W.F. Intra. L. Rev. 1 (1969). See also North Carolina

Rules of Civil Procedure, § 1A-1, Rule 8, Comment.—Section (a) 3: "By specifically requiring a degree of particularity the Commission sought to put at rest any notion that the mere assertion of a grievance will be sufficient under these rules. . . ."

We also recognize the rule that under certain circumstances a pleading may be deemed amended by implication when evidence outside the scope of the pleading has been received without objection and which evidence thus constitutes a substantial feature of a case. In that situation no formal amendment of a pleading is required. *See Roberts v. Memorial Park*, 281 N.C. 48, 58, 187 S.E. 2d 721, 726 (1972). But here the evidence is insufficient to establish violations of G.S. 20-141.3(b) or G.S. 20-151. Also, there was an objection to the request at the charge conference by opposing counsel, and there was no formal motion to amend the complaint. We further explain our position below.

[2]   The plaintiff first argues that the trial court erred by failing to charge the jury on the issue of whether or not the defendant engaged in a willful speed competition. G.S. 20-141.3(b) declares it "unlawful for any person to operate a motor vehicle on a street or highway *willfully* in speed *competition* with another motor vehicle." (Emphasis added.) " 'An act is done wilfully when it is done purposely and deliberately in violation of law [citation omitted], or when it is done knowingly and of set purpose. . . .' " *Harrington v. Collins*, 40 N.C. App. 530, 533, 253 S.E. 2d 288, 290, *aff'd*, 298 N.C. 535, 259 S.E. 2d 275 (1979), *quoting Brewer v. Harris*, 279 N.C. 288, 296-97, 182 S.E. 2d 345, 350 (1971). Under this definition there was no evidence that the defendant purposely and deliberately engaged in a race with Cole. There was no evidence even from the plaintiff that the defendant and Cole, pursuant to a common plan or in a joint venture, arranged to race one another for the set purpose of determining whose car was faster. *See Mason v. Gillikin*, 256 N.C. 527, 124 S.E. 2d 537 (1962). Also, Atkinson's remark to the plaintiff that Cole could not outrun his car must be interpreted in the light in which it was uttered—not as an effort to see which car was faster in a competitive sense, but to indicate that he could elude Cole for his own and his passenger's safety. Due to the lack of evidence, we hold the trial court correctly refused to charge the jury on this statute.

[3]   Secondly, the plaintiff asserts that the trial judge should have charged the jury on the defendant's failure to yield to an overtaking vehicle in violation of G.S. 20-151. From our review of the record, there was no evidence presented that indicates that Cole ever attempted to pass or to overtake the defendant once the chase had begun. Cole, during his testimony, admitted that he was following the defendant, but never stated that he wanted to pass the defendant. Even if, as the plaintiff contends, the defendant drove longer than was required in the left-hand lane after rounding two parked vehicles, this fact is not evidence that the defendant failed to yield to a passing vehicle. Thus, we hold the trial court properly refused to instruct the jury on this issue.

[4]   The plaintiff further contends that the trial judge erred "in failing to charge on the jury's right to consider the physical evidence," such as "the destruction of the power pole and the house that was struck, [and the fact that the defendant's car] travelled across the lady's yard, hit a bush, [and] ran into a concrete wall." The trial court did generally recite this evidence in his charge to the jury, but refused to specifically instruct that the jury could use this evidence in determining whether the defendant was negligently driving at an excessive rate of speed. The trial judge denied the plaintiff's request for such a special instruction upon learning that the plaintiff had failed to submit a proposed instruction and had failed to submit her request to him in writing as required by G.S. 1A-1, Rule 51(b). We agree with the trial court that the plaintiff's request went beyond the trial judge's general duty of explaining the law arising on the evidence with respect to the substantial features of the case. On this subordinate feature, because the plaintiff did not comply with the requirements of Rule 51(b), we hold the trial judge was properly within his discretion in denying her oral request for this special instruction.

[5]   The final assignment of error dealing with the trial judge's charge to the jury asserts that the trial court erred in charging the jury on insulating negligence. Insulating or intervening negligence arises in a situation where two motorists have committed negligent acts on the highway resulting in an automobile accident, but the negligence of one of the tortfeasors is of such a nature so as to exclude the negligence of the other as a proximate cause of the accident. The second tortfeasor's negligence is said to

have intervened between the negligence of the first and the resulting accident. 2 Strong's N.C. Index 3d *Automobiles* § 87.4 (1976). *See Moore v. Archie,* 31 N.C. App. 209, 228 S.E. 2d 778 (1976). To insulate the negligence of the first driver, the intervening negligence of the second driver must break any causal connection between the first driver's negligence (the defendant in this case) and the injury to the plaintiff. *Thomas v. Deloatch,* 45 N.C. App. 322, 263 S.E. 2d 615, *disc. rev. denied,* 300 N.C. 379, 267 S.E. 2d 685 (1980). A review of the record indicates that there was sufficient evidence tending to show a break in the causal connection between the defendant's negligent conduct and the plaintiff's injuries to justify an instruction on insulating negligence. During cross-examination, the defendant testified that Earl Cole had been chasing him, staying only one-and-one-half car lengths behind him, for a considerable distance. The defendant further testified that he had slowed down to the speed limit of 35 miles per hour and was about to make a turn when Cole's car hit him. Cole also testified that after swerving around two parked cars he was blinded temporarily and that "[t]he next thing I seen was his brake lights . . . and I . . . hit the . . . right back end of his bumper." On this evidence, we hold that the trial court properly included the law of insulating negligence in his charge.

[6] The plaintiff's next assignment of error suggesting that the trial court erred by granting the defendant the right to open and close the final jury arguments is without merit. G.S. 4A—Appendix I(5), Rule 10 of the General Rules of Practice provide that

> In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him.

The plaintiff chose to call the defendant as an adverse witness. The defendant was therefore allowed to explain his version of the incident during the plaintiff's evidence without having to offer any evidence of his own. The defendant, having offered no evidence, was entitled to open and close the final arguments to the jury. We hold the trial court committed no error.

The defendant finally assigns as error the denial of his motion for a new trial pursuant to G.S. 1A-1, Rule 59(a)(8). His grounds for this motion are that the trial court incorrectly ruled that the defendant had not offered evidence when called as an

adverse witness and improperly instructed the jury on the law of insulating negligence. A motion for a new trial under Rule 59 is addressed to the trial judge's discretion and may only be reversed on appeal in those cases where an abuse of discretion is clearly shown. *Worthington v. Bynum*, 305 N.C. 478, 484, 290 S.E. 2d 599, 603 (1982). Through the plaintiff's other assignments of error we have reviewed both grounds stated as the basis for the plaintiff's new trial motion and have held that the trial court committed no error with respect to either ground. Since no error has been committed, we hold the trial court did not abuse his discretion in denying the plaintiff's motion for a new trial.

No error.

Chief Judge VAUGHN and Judge EAGLES concur.