BOBBY J. CHASTAIN AND WIFE, GLORIA T. CHASTAIN v. ELIZABETH D. WALL

No. 8511DC213

(Filed 17 December 1985)

1. **Unfair Competition § 1— unfair trade practice—sale of fabric store—patterns on consignment—representations by owner**

In an action for damages arising from defendant's conduct in the sale of her business to plaintiffs which plaintiffs alleged constituted unfair or deceptive acts under N.C.G.S. 75-1.1, evidence was sufficient for the jury to find that defendant represented to plaintiffs that she owned certain patterns, racks

Chastain v. Wall

and cabinets which in fact belonged to various pattern companies where such evidence tended to show that plaintiffs attempted to find out if any patterns were held by defendant on consignment; defendant indicated that nothing was held on consignment, that everything was all hers; but many patterns were on standing debit with pattern companies.

**2. Unfair Competition § 1— sale of fabric store—conduct having capacity to deceive**

In an action to recover for an unfair or deceptive trade practice committed by defendant in the sale of her business, plaintiffs were not required to allege fraud or misrepresentation on the part of defendant; rather, it was sufficient that defendant's assertions with regard to her ownership of patterns in her fabric store, combined with her denials that any items were held on consignment and her signed affidavit that there were no debts or other obligations. which constituted a lien on any of the assets sold, constituted conduct which had the capacity or tendency to deceive and mislead.

**3. Unfair Competition § 1— unfair trade practice—instructions proper**

There was no merit to defendant's contention that the trial court failed properly to instruct the jury so as to enable them to determine facts which constituted unfair or deceptive acts, and the trial court's error in submitting an issue as to whether defendant's conduct was in commerce or affected commerce was harmless error.

APPEAL by defendant from *Pridgen, Judge.* Judgment entered 17 September 1984. Heard in the Court of Appeals 27 September 1985.

This is an action for damages arising from defendant's conduct in the sale of her business to the plaintiffs which plaintiffs allege constitutes unfair or deceptive acts under G.S. 75-1.1, entitling plaintiffs to treble damages.

On 3 May 1983 defendant sold her retail fabric business in Sanford, known as "Lib's Stitchery" to the plaintiffs for the sum of $29,000.00. The business sold consisted of all inventory, including all fabrics, patterns, cabinets, racks and notions. The defendant did not own the real property where the business was located. Excluded from the sale were the store's sign and name, a refrigerator, copy machine, and several personal items located on the premises belonging to the defendant. As part of the sale agreement, the defendant agreed not to operate any retail fabric business in the city of Sanford for a period of five years beginning 1 May 1983.

Prior to the sale, defendant employed Clara Peterson, a real estate broker, to list the defendant's business for sale. Ms. Peter-

son located the plaintiffs as prospective purchasers. The evidence presented at trial showed that the plaintiffs, Mr. and Mrs. Chastain, dealt with defendant through the real estate broker. Except for one visit to the store by Mr. Chastain and two visits to the store by Mrs. Chastain, all negotiations and inquiries were handled through Ms. Peterson.

During the sale negotiations, Mr. Chastain, through Ms. Peterson, requested that defendant prepare an itemized list of all the inventory. The defendant prepared the inventory list, with some assistance from Ms. Peterson. The total retail value of the business inventory as indicated by defendant's inventory list totaled $67,056.34. Eventually, a contract was entered into to sell the business assets for $30,000.00. Ultimately, the sale closed for $29,000.00, $1,000.00 less than the agreed upon sales price apparently because of delay. At closing the defendant signed an affidavit stating that she had incurred no debt or other obligation which constituted a lien against any of the property transferred.

Following the close of the sale, the plaintiffs learned that certain items including all the McCall, Butterick, and Simplicity patterns and certain racks and cabinets which had been included in the inventory list having a value of $3,181.50 (at cost), were not owned by the defendant but were held by her on a standing debit. The debits represented the unpaid portion of the merchandise in stock and were carried by the various pattern companies at various annual interest rates charged to the customer.

According to plaintiff's Exhibit 6, a letter from the Simplicity Pattern Company to Mrs. Chastain dated 27 May 1983, upon the sale of the business assets, including the pattern stock, it is customary for the purchaser to assume the standing debit. Assumption of the standing debit is accomplished by reducing the inventory of patterns, racks and cabinets on hand by the amount of the standing debit.

Defendant testified that she notified the pattern companies that she was selling and transferring the standing debits to new purchasers. The inventory list prepared by the defendant included all items subject to the standing debits. No exceptions were made on the list for items held on standing debit. Defendant's testimony was that she deducted the items on standing debit from the total inventory of $67,056.34 in negotiating the sales

price. However, plaintiffs' evidence showed that they based their negotiated purchase offer on one-half the retail value of the inventory. The actual value of the retail inventory owned by the defendant and available for sale totaled approximately $63,894.00.

The jury found facts in favor of the plaintiffs and determined the amount of damages to be $3,118.50. The trial judge determined as a matter of law that the defendant's conduct constituted an unlawful, deceptive act within the meaning of G.S. 75-1.1 and trebled the damages to $9,688.14 plus interest from date of judgment. The trial judge also awarded plaintiff attorney fees in the amount of $700.00. From entry of the final judgment defendant appeals.

*Gerald E. Shaw for plaintiff-appellees.*

*A. B. Harrington, III, for defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns error to the trial court's denial of her motion for a directed verdict. Defendant contends that the evidence established as a matter of law that defendant did not misrepresent or fraudulently misrepresent the property sold. We disagree.

In determining the sufficiency of evidence to withstand a defendant's motion for directed verdict, the court must consider all the evidence supporting the plaintiffs' claim in the light most favorable to the plaintiffs, giving them the benefit of every reasonable inference and resolving contradictions, conflicts and inconsistencies in their favor. *Love v. Pressley*, 34 N.C. App. 503, 239 S.E. 2d 574 (1977), *cert. denied*, 294 N.C. 441, 241 S.E. 2d 843-44 (1978). Applying this test to the facts of this case, it is clear that the evidence was sufficient to go to the jury. The evidence provided an adequate basis from which the jury could find that the defendant knowingly represented to the plaintiffs that she owned certain cabinets, racks and patterns when in fact she did not.

Plaintiffs' evidence tended to show that plaintiff Bobby Chastain asked the defendant's agent Peterson to find out if the pat-

terns in the store were held on consignment; that Peterson inquired of the defendant both by phone and in person at the store and the defendant said "They are all mine and they represent a lot of money"; that Peterson told Bobby Chastain that the patterns belonged to the defendant and were not held on consignment; that some time after the sale the parties met and discussed what the plaintiffs' had learned about the standing debits and that defendant stated "Maybe I didn't present it properly, because I know all of the patterns were not mine to sell"; that the inventory list the Chastains reviewed did not make exceptions for any items not owned by the defendant or held by her on consignment; that Mr. Chastain asked Peterson if anything was on consignment and Peterson relayed that the defendant said nothing was on consignment; that Bobby Chastain believed the term standing debit meant consignment; that plaintiffs relied on the retail inventory total of $67,056.34; that Bobby Chastain always communicated with defendant's agent Peterson and not the defendant.

The defendant's evidence tended to show that Peterson was her agent in the sale of the business; that defendant did not discuss standing debits with Bobby Chastain; that she prepared the inventory list with some assistance from Peterson and that the list included certain items held on standing debit with pattern companies; that before the sale closed defendant explained standing debits twice to Peterson and twice to Mrs. Chastain; that she explained the difference between consignment and standing debits; that the defendant showed Mrs. Chastain letters from Simplicity and the contract about standing debits before the sale closed; that the defendant asked Mrs. Chastain to take the contract to her husband.

Plaintiffs' rebuttal evidence tended to show that Mrs. Chastain visited the store twice before the sale closed; that her daughter asked the defendant if the patterns were on consignment and that defendant replied, "No, they are on standing debit"; that defendant did not explain standing debits and did not give Mrs. Chastain any papers; that Mrs. Chastain told her husband what defendant said; that Bobby Chastain called agent Peterson to inquire about standing debits because the plaintiffs did not understand; that Peterson responded that nothing was on consignment; that the Chastains only dealt with agent Peterson; that

defendant told Peterson "the patterns represent a lot of money. They are all mine, not on consignment"; that defendant "went through some mumble of some kind about the debits, and she couldn't really explain, and then she said 'they are not charging and they are not paying; the patterns are mine, nothing is on consignment' "; that defendant insisted that everything was clear and what was in the store was paid for.

Plaintiffs' only claim for relief was that the defendant's conduct constituted a deceptive act proscribed by G.S. 75-1.1. The evidence, considered in the light most favorable to the plaintiffs, was clearly sufficient to go to the jury. Likewise it was an adequate evidentiary basis and from which the jury could find that the defendant represented to the plaintiffs that she owned certain patterns, racks and cabinets which, in fact, belonged to various pattern companies.

## II

Defendant next assigns error to portions of the charge relating to misrepresentation and fraud. The record reveals that defense counsel made only one objection. This objection was made at the charge conference and related to the trial court's instructing the jury on unfair and deceptive trade practices (G.S. 75-1.1). The record is silent as to any further objections by defense counsel with respect to jury instructions. Defendant merely sets out an "exception" in the record. This objection is waived by operation of Rule 10(b)(2) of the Rules of Appellate Procedure. *Lee v. Keck*, 68 N.C. App. 320, 315 S.E. 2d 323, *cert. denied*, 311 N.C. 401, 319 S.E. 2d 271 (1984). Failure to object to the instructions given constitutes a waiver of the right to challenge the instructions on appeal. *Id.*

## III

Defendant's last assignments of error are that the trial court erred in submitting the issue of unfair and deceptive trade practices to the jury. We disagree.

Defendant contends that the evidence established as a matter of law that the defendant did not commit unfair or deceptive trade practices in that she did not make any misrepresentations, fraudulent or otherwise in the sale of her business to the plaintiffs. In support of this contention the defendant basically makes

two arguments: (1) that the plaintiffs, in their complaint, did not allege fraud or misrepresentations, and (2) that the court failed to adequately instruct the jury to enable them to determine facts which might constitute unfair or deceptive practices.

a.

[2]   As to defendant's first argument, it is not required that the plaintiffs allege fraud or misrepresentation on the part of the defendant. In order "to succeed under G.S. 75-1.1, it is not necessary for the plaintiff to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception, plaintiff must, nevertheless, show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception." *Overstreet v. Brookland, Inc.*, 52 N.C. App. 444, 452-53, 279 S.E. 2d 1, 7 (1981). Intent of the defendant and good faith are irrelevant. *Marshall v. Miller*, 302 N.C. 539, 276 S.E. 2d 397 (1981). A practice or act "is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required." *Id.* at 548, 276 S.E. 2d at 403. Even a truthful statement can be deceptive, if it has the capacity or tendency to deceive. "Though words and sentences may be framed so that they are literally true, they may still be deceptive." *Johnson v. Insurance Co.*, 300 N.C. 247, 265, 266 S.E. 2d 610, 622 (1980).

The plaintiffs' evidence showed that the defendant, through her agent Peterson, told the plaintiffs that the patterns represented a lot of money and that they belonged to her. This assertion, combined with her constant denials that any items were held on consignment and her signed affidavit that there were no debts or other obligations that constituted a lien on any of the assets sold, constitutes conduct that has the capacity or tendency to deceive and mislead.

b.

[3]   Defendant's second argument, that the trial court failed to properly instruct the jury so as to enable them to determine facts which constituted unfair or deceptive acts, is without merit.

Four issues were submitted to the jury:

1. Did the defendant, Wall, represent to the plaintiffs, Bobby J. Chastain and Gloria T. Chastain, that she owned

certain cabinets, racks and patterns which were, in fact, the property of various pattern companies?

ANSWER: YES

2. Was defendant Wall's conduct in commerce or did it affect commerce?

ANSWER: YES

3. Was defendant's conduct a proximate cause of plaintiffs' injury?

ANSWER: YES

4. What amount, if any, have the plaintiffs Chastain been injured?

ANSWER: $3,118.50.

In cases under G.S. 75-1.1 and 75-16 the jury finds facts and based on the jury's findings, the court then determines as a matter of law whether the defendant's conduct violated G.S. 75-1.1. *Love v. Pressley, supra; Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). Here the jury properly found facts that the defendant represented to the plaintiffs that she owned certain patterns, cabinets and racks which were, in fact, the property of various pattern companies; that the defendant's conduct was the cause of plaintiffs' injury; and that the amount of injury totaled $3,118.50, the cost value of the disputed items. While the trial judge erred in submitting the commerce issue to the jury because it is a part of the court's finding that the acts or conduct proven do or do not constitute an unfair or deceptive act within the meaning of G.S. 75-1.1, *Hardy v. Toler, supra,* it is harmless error from which the defendant suffered no prejudice.

For the reasons stated, we find

No error.

Judges WHICHARD and COZORT concur.