ELIZABETH M. BARBER v. WOODMEN OF THE WORLD LIFE INSURANCE
SOCIETY, A CORPORATION

No. 8829SC1229

(Filed 5 September 1989)

1. **Insurance § 29— life insurance proceeds—plaintiff as primary beneficiary—representation by insurer—no application of estoppel principle**

    There was no merit to plaintiff's contention that defendant made an express representation of coverage regarding the status of her decedent's insurance policies and defendant should now be estopped from claiming that plaintiff was not the primary beneficiary of a $100,000 life insurance policy, since application of the estoppel principle would require defendant to pay more in benefits than the parties contracted for in the insurance policy.

2. **Insurance § 29— beneficiary of life insurance policy—representation by insurer—no breach of fiduciary duty**

    Plaintiff was not entitled to a directed verdict on her claim for breach of fiduciary duty on a $100,000 life insurance policy where plaintiff alleged that defendant's misrepresentation as to the beneficiary of that policy proximately caused damage to plaintiff; by the terms of the policy plaintiff's husband could change beneficiaries only by making a written request; his letter to defendant only inquired about the status of his policies and did not constitute a request to change beneficiaries; and the other beneficiaries named in the policy were plaintiff's husband's children by his first marriage who were natural objects of his bounty and affection.

3. **Unfair Competition § 1— payment on life insurance policy denied—unfair and deceptive trade practices alleged—directed verdict properly denied**

    The trial court did not err in denying plaintiff's motions for directed verdict on her claims for unfair and deceptive trade practices in denying payment on insurance policies, since plaintiff was required to show not only that defendant violated N.C.G.S. § 75-1.1, but also that plaintiff suffered an injury as a proximate result of defendant's actions, and whether plaintiff's damages were the proximate result of defendant's actions is almost always a question of fact for the jury.

4. **Unfair Competition § 1— refusal to pay life insurance proceeds—claim of unfair and deceptive trade practice—refusal to submit issue to jury erroneous**

The trial court erred in failing to submit to the jury instructions and issues with regard to plaintiff's claim for an unfair and deceptive trade practice based on defendant's refusal to pay her the proceeds of a life insurance policy.

APPEAL by plaintiff from *Owens, Judge.* Judgment entered 8 July 1988 in Superior Court, HENDERSON County. Heard in the Court of Appeals 12 May 1989.

Plaintiff brings this civil action against defendant Woodmen of the World Life Insurance Society, her deceased husband's insurer, for failure to pay her the proceeds of two life insurance policies. The record shows the following facts.

Dr. Leonard B. Barber, Jr., plaintiff's deceased husband, purchased two separate life insurance policies from defendant. Defendant is a fraternal benefit society engaged in the insurance business with its main offices in Omaha, Nebraska. The two policies had face values of $10,000 and $100,000 respectively. In 1983 Dr. Barber learned that he was terminally ill. He wrote to all of his insurance companies, including defendant, and inquired as to the status of each of his policies.

On 27 July 1983 defendant responded to Dr. Barber's inquiry stating that the beneficiaries of Dr. Barber's policies were "Elizabeth M. Barber, wife, in one sum, if living, otherwise to John S. Barber, son, Robert D. Barker [sic], son, and Susan M. Barber, daughter, equally in one sum." Attached to defendant's letter was a copy of the beneficiary endorsement for Dr. Barber's $10,000 policy with the above stated endorsement. Plaintiff testified that through his correspondence Dr. Barber learned that his first wife was still the beneficiary of a life insurance policy with another insurance company. Dr. Barber changed the beneficiary of that policy to plaintiff. On 13 July 1985 Dr. Barber died.

Shortly after Dr. Barber's death plaintiff made demand for the proceeds of both policies issued by defendant. Defendant refused to pay plaintiff the proceeds of either policy. Accordingly, plaintiff filed this action to compel payment of the proceeds of both policies. Defendant then claimed that its 27 July 1983 letter to Dr. Barber was in error when it named the beneficiaries of Dr.

Barber's policies. Defendant acknowledged that the beneficiaries of the $10,000 policy were as stated in the letter but revealed that the $100,000 policy still listed plaintiff and Dr. Barber's three children as beneficiaries without any language to signify who might be the primary beneficiary. Plaintiff's complaint alleged that she was entitled to receive the proceeds of both policies and, additionally, that defendant was estopped from asserting otherwise by virtue of its 27 July 1983 letter.

On 23 December 1985 John S. Barber, Robert D. Barber, and Susan M. Barber (the Barbers), Dr. Barber's children from his first marriage, filed a motion to intervene as plaintiffs. The trial court allowed the Barbers' motion to intervene. The Barbers claimed that plaintiff was entitled to receive only 25% of both policies and that the remaining 75% should be distributed to them equally. On 24 June 1986 the Barbers moved for summary judgment.

Before the trial court ruled on the Barbers' motion for summary judgment, plaintiff moved to file an amended complaint. Her amended complaint alleged additional claims of breach of fiduciary duty and unfair and deceptive trade practices against defendant. On 28 January 1987 the trial court allowed plaintiff's motion to amend her complaint and granted the Barbers' motion for summary judgment on the $100,000 policy. The trial court denied the Barbers' summary judgment motion in regard to the $10,000 policy. Defendant appealed both the order allowing plaintiff to file her amended complaint and the order granting summary judgment in favor of the Barbers on the $100,000 policy. In *Barber v. Woodmen of the World Life Ins. Society*, 88 N.C. App. 666, 364 S.E.2d 715 (1988), this court affirmed the trial court's grant of summary judgment in favor of the Barbers on the $100,000 policy and dismissed defendant's appeal on the issue of amending plaintiff's complaint as interlocutory.

On 5 July 1988 the remaining issues came on for a jury trial. At the close of plaintiff's evidence plaintiff moved for a directed verdict. Defendant conceded that plaintiff was entitled to full payment on the $10,000 policy and, accordingly, the trial court granted plaintiff's motion for directed verdict on the $10,000 policy. The trial court denied plaintiff's motion for directed verdict on the $100,000 policy claim. At the close of all the evidence plaintiff again moved for directed verdict which the trial court denied. The trial court submitted to the jury issues of negligence and unfair

and deceptive trade practices relating to the $100,000 policy. The jury's verdict was that plaintiff was not damaged by defendant's negligence but did not answer the issue of unfair and deceptive trade practices. After the jury rendered its verdict plaintiff moved for judgment notwithstanding the verdict. Defendant admitted that plaintiff was entitled to collect one-fourth of the $100,000 policy and, accordingly, the trial court ordered that defendant pay one-fourth of the $100,000 policy to plaintiff. Plaintiff appeals.

*Toms & Bazzle, by James H. Toms and Ervin W. Bazzle; Roberts, Baggett, LaFace & Richard, by B. K. Roberts, for plaintiff-appellant.*

*Francis M. Coiner for defendant-appellee.*

EAGLES, Judge.

Plaintiff argues that the trial court erred in denying her motions for directed verdict at the close of her evidence and at the close of all the evidence as well as denying her motion for judgment notwithstanding the verdict. Plaintiff also argues that the trial court erred in refusing to give her proposed jury instructions and in failing to submit her proposed issues to the jury. In addition, plaintiff contends that the jury's verdict that she was not damaged by defendant's negligence is not supported by the record. We agree that the trial court erred in failing to submit factual questions to the jury concerning plaintiff's claim of unfair and deceptive trade practices on the $10,000 policy but otherwise, we affirm the judgment below.

We first address plaintiff's contention that the trial court erred in denying her motion for directed verdict. The purpose of a directed verdict motion is to test the sufficiency of the evidence. *Wallace v. Evans*, 60 N.C. App. 145, 298 S.E.2d 193 (1982). In reviewing this issue we must consider the evidence in the light most favorable to the non-movant. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973).

[1] Plaintiff argues that it is undisputed that defendant made an express representation of coverage regarding the status of her decedent's insurance policies and, accordingly, defendant should now be estopped from claiming that she is not the primary beneficiary of the $100,000 policy. We disagree. In *Pearce v. American Defender Life Ins. Co.*, 74 N.C. App. 620, 330 S.E.2d 9 (1985), *affirmed in*

*part, reversed in part*, 316 N.C. 461, 343 S.E.2d 174 (1986), our court held that while the doctrine of estoppel may be used by an insured to prevent forfeiture of a policy's benefits, it may not be used to expand the risks covered. We said that "[t]he theory underlying this rule seems to be that the company should not be required by waiver and estoppel to pay a loss for which it charged no premium." *Id.* at 626, 330 S.E.2d at 13. Application of the estoppel principle here would require this defendant to pay more in benefits than the parties contracted for in the insurance policy. Accordingly, we hold that on this record plaintiff may not use the doctrine of estoppel to effectively rewrite the insurance contract.

[2]  Plaintiff next argues that the trial court should have granted her motion for directed verdict on her claim for breach of fiduciary duty on the $100,000 policy. We disagree. We first note that a directed verdict is seldom appropriate in a negligence case. *Alva v. Cloninger*, 51 N.C. App. 602, 277 S.E.2d 535 (1981). Furthermore, even where the facts are undisputed, a directed verdict motion should be granted to the party with the burden of proof only when credibility is manifest as well. *Smith v. Price*, 315 N.C. 523, 340 S.E.2d 408 (1986).

Here an essential element of plaintiff's case is that defendant's misrepresentation proximately caused damage to plaintiff. By the terms of the policy plaintiff's husband could change beneficiaries only by making a written request. His letter only inquired about the status of his policies and does not constitute a request to change beneficiaries. Moreover, the other beneficiaries named in the policy are plaintiff's husband's children by his first marriage who are natural objects of his bounty and affection. We cannot say that plaintiff's credibility here is so manifest as to justify removing the case from the jury. Accordingly, we hold that the trial court did not err in denying the plaintiff's motion for directed verdict on her breach of fiduciary duty claim on the $100,000 policy.

[3]  Plaintiff further contends that the trial court erred in failing to grant her motion for directed verdict on her claim for unfair and deceptive trade practices pursuant to G.S. 75-1.1 on both insurance policies. To prove a Chapter 75 claim the plaintiff must show not only that defendant violated the statute but also that plaintiff suffered an injury as a proximate result of defendant's actions. *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 268

**BARBER v. WOODMEN OF THE WORLD LIFE INS. SOCIETY**

[95 N.C. App. 340 (1989)]

S.E.2d 271 (1980). Our court has held that whether plaintiff's damages were the proximate result of defendant's actions is almost always a question of fact for the jury. *Winston Realty Co. v. G.H.G., Inc.,* 70 N.C. App. 374, 320 S.E.2d 286 (1984), *affirmed,* 314 N.C. 90, 331 S.E.2d 677 (1985). Accordingly, the trial court did not err in denying plaintiff's motions for directed verdict on her claims for unfair and deceptive trade practices.

A motion for judgment notwithstanding the verdict simply renews the movant's directed verdict motion. "The propriety of granting a motion for judgment notwithstanding the verdict is determined by the same considerations as that of a motion for a directed verdict." *Dickinson v. Pake,* 284 N.C. 576, 584, 201 S.E.2d 897, 903 (1974). Since the evidence was sufficient to withstand plaintiff's directed verdict motion, the trial court did not err in denying the motion for judgment notwithstanding the verdict.

[4] Through plaintiff's second and third assignments of error she contends that the trial court erred in failing to submit her proposed jury instructions and issues to the jury. Instead, the trial court formulated its own issues and instructions for its jury charge. Pursuant to Rule 51 of the North Carolina Rules of Civil Procedure the trial court "must submit to the jury such issues as when answered by them will resolve all material controversies between the parties, as raised by the pleadings." *Harrison v. McLear,* 49 N.C. App. 121, 123, 270 S.E.2d 577, 578 (1980). The trial court need not use the exact language of plaintiff's tendered instructions in instructing the jury. *Anderson v. Smith,* 29 N.C. App. 72, 223 S.E.2d 402 (1976). However, in charging the jury the trial court must explain the law and apply it to each substantial feature of the case. *Hord v. Atkinson,* 68 N.C. App. 346, 315 S.E.2d 339 (1984). Failure to instruct on a substantial feature of a case constitutes prejudicial error. *Mosley & Mosley Builders v. Landin Ltd.,* 87 N.C. App. 438, 361 S.E.2d 608 (1987).

In the instant case the trial court failed to submit to the jury and subsequently failed to instruct the jury on the issue of unfair and deceptive trade practices as it related to the $10,000 policy. This was error. Plaintiff's amended complaint alleged defendant's actions in denying her payment of the proceeds of both policies violated Chapter 75. For claims pursuant to G.S. 75-1.1 the jury finds the facts and, based upon those facts, the trial court determines as a matter of law whether defendant's conduct con-

stitutes an unfair or deceptive trade practice. *Chastain v. Wall*, 78 N.C. App. 350, 337 S.E.2d 150 (1985), *disc. rev. denied*, 316 N.C. 375, 342 S.E.2d 891 (1986). Here the trial court failed to submit to the jury those factual questions in need of resolution concerning plaintiff's Chapter 75 claim relating to her decedent's $10,000 policy. Accordingly, plaintiff is entitled to a new trial on this issue as it relates to the $10,000 policy.

We note that upon retrial on her Chapter 75 claim as it relates to the $10,000 policy damages may have to be determined. This court noted in *Bernard v. Central Carolina Truck Sales*, 68 N.C. App. 228, 314 S.E.2d 582, *disc. rev. denied*, 311 N.C. 751, 321 S.E.2d 126 (1984), that a Chapter 75 claim is a separate and distinct action apart from fraud, breach of contract or breach of warranty. Accordingly, there we held that it "would be illogical" to hold that only those methods of measuring damages could be used to ascertain the damages caused by a Chapter 75 claim. We further stated that the "measure of damages used should further the purpose of awarding damages, which is 'to restore the victim to his original condition, to give back to him that which was lost as far as it may be done by compensation in money.'" [Citation omitted.] *Id.* at 233, 314 S.E.2d at 585.

The trial court submitted issues and instructions on every other substantial feature of the case. We note, however, that plaintiff failed to except to any portion of the trial court's instruction and, accordingly, we may not review whether the instruction as given was proper. N.C. App. R. 10(b)(2).

In summary, we reverse and remand for trial the claim of unfair and deceptive trade practices as it relates to the $10,000 policy because the trial court failed to submit the issue for the jury's determination. As to all of the remaining issues, we affirm.

Affirmed in part; reversed and remanded in part.

Judges WELLS and PARKER concur.