STATE OF NORTH CAROLINA v. KEVIN NOAH MATHIS

No. 9122SC325

(Filed 18 February 1992)

**Homicide § 30.2 (NCI3d) — homicide — instruction on voluntary manslaughter — no plain error**

There was no plain error in a second degree murder prosecution in which the court instructed the jury on voluntary

manslaughter where defendant's wife died after being hit by a vehicle; the facts indicated that defendant's wife was yelling at him when he got into a truck to drive off and that she was leaning on the driver's side rear view mirror and reaching into the truck in an attempt to turn off the ignition and stop the truck; defendant found it necessary to push his wife away from the truck in order to leave; and the jury could find from those facts that the victim's provoking conduct and defendant's action were of such close proximity in time that defendant's mind and disposition did not cool. Insofar as there was evidence before the court to support a conviction of voluntary manslaughter, it was proper to submit that issue to the jury. Furthermore, there was not a reasonable likelihood that, had the charge of voluntary manslaughter not been submitted, defendant would have been convicted only of involuntary manslaughter or else acquitted entirely.

**Am Jur 2d, Homicide §§ 529, 532.**

APPEAL by defendant from a judgment entered 9 November 1990 by *Judge Lester P. Martin* in IREDELL County Superior Court. Heard in the Court of Appeals 14 January 1992.

Defendant and Renea Mathis were married, had three young children, and made their home in Statesville, North Carolina. On 23 October 1989 at approximately 12:00 p.m. defendant and his wife argued loudly in their front yard. The State's evidence showed that during the course of their argument Mrs. Mathis went inside the house for a few minutes and then called defendant telling him there was a phone call. Defendant went into the house and when he returned the arguing continued. Defendant proceeded to get into his truck which was parked in the driveway. His wife told him to get out of the truck, that she wanted to talk to him, and apparently tried to open the truck door or otherwise reach into the truck in an attempt to stop him. Profanity was exchanged between the parties.

Since defendant's truck was blocked in the driveway by a trailer and a car, defendant drove the truck across a side yard and over the curb. He testified that as he drove off the curb he felt the back of the truck lift up and looked back to see his wife lying in the street. When she did not respond he called 911 and was there when the rescue vehicle arrived. There was also

some testimony that defendant intentionally hit his wife as she was carrying a bag of trash toward the street and then backed up over her as she was lying in the street. A neighbor who lived across the street testified she went to the scene and one of the children told her that his parents were arguing and defendant tried to leave in the truck when something on the truck hit his mother causing her to trip and the wheel went over her head.

An autopsy revealed Renea Mathis died as a result of severe brain injuries caused by a large force such as being hit by a vehicle. Defendant was subsequently charged with second-degree murder. At trial, the court instructed the jury as to second-degree murder, voluntary manslaughter, involuntary manslaughter, and not guilty. Defendant was convicted of voluntary manslaughter and sentenced to the maximum term of twenty years. He appeals on the ground the court erred in submitting a charge of voluntary manslaughter to the jury when the evidence did not support such a verdict.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Francis W. Crawley, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Teresa A. McHugh, for defendant appellant.*

WALKER, Judge.

Although defendant objects to the submission of the charge of voluntary manslaughter to the jury, alleging it to be unsupported by the evidence, he did not object to the instruction when it was given. In North Carolina, the general rule in this regard is that one must object to the instruction when it is given and before the jury retires in order for the alleged error to be considered on appellate review. Failure to call the court's attention to the alleged error, so that the court may have an opportunity to correct it, constitutes a waiver of such objection. *Donavant v. Hudspeth,* 318 N.C. 1, 347 S.E.2d 797 (1986); *Chastain v. Wall,* 78 N.C.App. 350, 337 S.E.2d 150 (1985), *disc. review denied,* 316 N.C. 375, 342 S.E.2d 891 (1986). Defendant argues, however, that insofar as this instruction and subsequent conviction were not supported by the evidence, his right to due process has been violated and the instruction on the lesser charge constituted plain error requiring reversal of the manslaughter conviction. We disagree.

STATE v. MATHIS

[105 N.C. App. 402 (1992)]

In *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983), our Supreme Court found that application of the plain error rule, where it warrants reversal of a criminal conviction, occurs:

> [W]here, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." (Emphasis in original).

We cannot hold that the court's instruction on the lesser offense of voluntary manslaughter rises to this level of error so as to require reversal.

Unquestionably, it is reversible error for the trial court to submit a charge of a lesser-included offense where there is no evidence to support a conviction on that charge. *State v. Strickland,* 307 N.C. 274, 298 S.E.2d 645 (1983), *overruled in part on other grounds, State v. Johnson,* 317 N.C. 193, 344 S.E.2d 775 (1986). However, if the effect of a lesser-included charge is " 'to cause a verdict for the lesser offense to be found . . . than *should* have been rendered' . . . a defendant has no cause for complaint." *State v. Ray,* 299 N.C. 151, 163, 261 S.E.2d 789, 797 (1980). (Emphasis in original). Thus, a defendant is prejudiced and entitled to relief on appeal only when " 'there is a reasonable possibility that, had the error in question not been committed, a different result [favorable to defendant] would have been reached at the trial.' " *Id.* at 163-164, 261 S.E.2d at 797. The questions before us, then, are (1) whether there was sufficient evidence to support a conviction of voluntary manslaughter, so that the court's submission of the issue was proper, and (2) if the charge was erroneously submitted, whether there is a reasonable possibility that defendant would have been acquitted or convicted of involuntary manslaughter had the charge on voluntary manslaughter not been given.

As the trial court correctly instructed, voluntary manslaughter is the unlawful killing of a human being without malice. *State*

v. Wynn, 278 N.C. 513, 180 S.E.2d 135 (1971). A killing is without malice if the defendant acts in the heat of passion upon adequate provocation so that the defendant's state of mind overcomes his ability to reason and to control his actions. State v. Montague, 298 N.C. 752, 259 S.E.2d 899 (1979); State v. Best, 79 N.C.App. 734, 340 S.E.2d 524 (1986). The act of provocation must be such, however, that it "would naturally and reasonably arouse the passions of an ordinary man beyond his power of control." State v. McLawhorn, 270 N.C. 622, 628, 155 S.E.2d 198, 203 (1967).

Defendant argues no evidence was presented to support a conviction of voluntary manslaughter since mere words and a verbal argument in the front yard, no matter how abusive, are not sufficient provocation. State v. Montague at 757, 259 S.E.2d at 903. However, the theory of voluntary manslaughter is supported where the victim used words and threatening behavior toward defendant, thereby causing him to feel anger, rage, or furious resentment which rendered his mind incapable of cool reflection. State v. Haight, 66 N.C.App. 104, 108, 310 S.E.2d 795, 797 (1984). The facts indicated that when defendant got into the truck to drive off his wife was yelling at him, leaning on the driver's side rear view mirror and reaching into the truck in an attempt to turn off the ignition and stop the truck. Defendant found it necessary to push his wife away from the truck in order to leave. Under these facts, we believe that the victim's yelling and threatening behavior would have a natural tendency to arouse the passions of an ordinary person. From these facts the jury could find the victim's provoking conduct and defendant's action were of such close proximity in time that defendant's mind and disposition did not cool. A reasonable person could conclude defendant's state of mind at the time was so violent as to overcome reason so that he could not think to the extent necessary to form a deliberate purpose and control his actions. Insofar as there was evidence before the court to support a conviction of voluntary manslaughter, it was proper to submit that issue to the jury.

Assuming arguendo there was not sufficient evidence to support a conviction for voluntary manslaughter, we do not believe a reasonable possibility existed that defendant would have been acquitted or convicted of the lesser crime of involuntary manslaughter had the charge not been submitted. Hence, the error would be harmless and nonprejudicial. In State v. Quick, 150 N.C. 820, 64 S.E. 168 (1909), the defendant was charged with second-degree

murder and convicted of voluntary manslaughter. Defendant appealed contending there was no evidence to support the charge of voluntary manslaughter. The Court found there was evidence to support the lesser charge, but noted:

> Suppose the court erroneously submitted to the jury a view of the case not supported by evidence, whereby the jury were permitted, if they saw fit, to convict of manslaughter instead of murder, what right has the defendant to complain? It is an error prejudicial to the State, and not to him. His plea of self-defense had been fully and fairly presented to the jury and rejected by them as untrue. What, then, was the duty of the jury, if there was no evidence of manslaughter? Clearly, under the law, they should have convicted the defendant of murder in the second degree.

*Id.* at 824, 64 S.E. at 170.

Similarly, in *State v. Summitt*, 301 N.C. 591, 273 S.E.2d 425, *cert. denied*, 451 U.S. 970, 68 L.Ed.2d 349 (1981), the Court, over defendant's objection to the lesser included offenses, charged the jury on first-degree rape, second-degree rape, assault with intent to commit rape, and assault on a female. The jury returned a verdict of guilty of second-degree rape and defendant argued there was no evidence to support a conviction of this offense. The Court agreed but did not believe it so prejudicial as to warrant a new trial, noting that when the jury rejected defendant's defense all evidence pointed to first-degree rape and the submission of the lesser included offense was favorable to defendant. *Id.* at 600, 273 S.E.2d at 430.

In the case before us defendant contends the death of his wife was an accident and he did not intentionally run her down with his truck. The court properly instructed the jury that the burden was on the State to prove the victim's death was not accidental. The fact the jury returned a conviction of voluntary manslaughter as opposed to an acquittal, however, indicates they did not subscribe to defendant's theory, and his claim of an accident was rejected. Having discarded this contention, some of the evidence showed defendant intentionally killed his wife with a deadly weapon, supporting a conviction of the greater crime of second-degree murder. There was not a reasonable likelihood, then, that had the charge of voluntary manslaughter not been submitted, defendant would have been convicted only of involuntary manslaughter or else ac-

quitted entirely. Further, we agree with the State that defendant's conviction of voluntary manslaughter was not a compromise verdict because there was evidence to support this lesser included offense.

If the court fails to charge on a lesser offense of which there is evidence, the defendant gains a new trial. Here there was evidence to support a verdict of voluntary manslaughter and additionally defendant did not object to the court's submission of voluntary manslaughter as a possible verdict.

No error.

Judges ARNOLD and PARKER concur.