COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


LINDA JULIA MILLER

v.   Record No. 0855-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
LAUBSCHER, PRESTA & LAUBSCHER              SEPTEMBER 19, 1995
AND
STATE FARM FIRE & CASUALTY COMPANY


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                    (Robert B. Adams; Ashcraft & Gerel, on brief), for
                    appellant.

                    (Ruth N. Carter; Midkiff & Hiner, on brief), for
                    appellees.


        Linda Julia Miller contends that the Workers' Compensation

Commission erred in suspending her compensation benefits.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the employer, the prevailing party below.  R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  Factual findings made by the commission must be upheld

by this Court if supported by credible evidence.  James v.

Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 833,

835 (1989).

        Miller argues that the record contains no credible evidence

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that she failed to cooperate with employer's vocational rehabilitation efforts.  In granting employer's application seeking to suspend Miller's compensation benefits, the commission found as follows:

> We do not find that [Miller] cooperated with rehabilitation efforts.  According to the treating physician, Dr. [Khosrow] Matini, [Miller] had the ability to perform sedentary work, including writing with a pencil, pushing buttons, and driving a standard shift automobile.  Yet [Miller] has portrayed herself to potential employers as essentially unemployable, thus sabotaging efforts to find employment.  It appears from the record that [Miller] was unwilling to attempt even a part-time job allowing her to work on the telephone at home scheduling truck pick-ups.

The commission's findings are supported by Dr. Matini's medical reports and the testimony of the rehabilitation consultant, Patricia Wendy Held.  Therefore, those findings are binding and conclusive upon us on appeal.  Accordingly, we affirm the commission's decision to suspend benefits until Miller demonstrates a good faith effort to cooperate with rehabilitation efforts.

Affirmed.
